## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JUAN J. GUALLINI INDIJ, et al,**

    **Appellants,**

    **v.**

**BANCO POPULAR DE PR,**

    **Apellee.**

                             **Civil No. 22-1473 (ADC)**
                             **Cons. 22-1480 (ADC)**

## OPINION AND ORDER

Pending before the Court are appellants Juan J. Guallini-Indij and Raquel Medina-Rampolla's ("Appellants") appeal and request for withdrawal of the reference. **Civil No. 22-1473 (ADC)** consolidated with **Civil No. 22-1480 (ADC)**

## I.    Procedural and factual background

According to Appellants, they reached out to their lender and mortgage creditor, Banco Popular de Puerto Rico ("Appellee") sometime in 2015, to inform that they were facing economic hardships that affected their ability to repay their debts. While in compliance with their monthly payments, appellants requested a "modification of monthly payments" or other alternatives to foreclosure. **ECF No. 12-1** at 111. Appellee, in response, allegedly advised them to request loss mitigation. *Id*. To qualify for loss mitigation, Appellee allegedly informed Appellants that they needed to default on their obligation and miss at least three loan payment deadlines. *Id*., at 112.

Following Appelleee's instructions, Appellants defaulted on their obligations. *Id*. After defaulting, however, Appellants were denied loss mitigation relief and, instead, Appellee filed suit for collection of monies and foreclosure in state court. *See* Civil Case No. DCD2015-2735. *Id*., 112.

Appellants requested that Appellee authorize a short sale of the property to avoid a foreclosure judgment. **ECF No. 12-1** at 112. For reasons that are not pertinent here, the short sale did not go through.[1] Instead, the property was sold in public auction. *Id*., at 113-115. The state court judgment creditor, here Appellee, moved to collect the balance of Appellants' debt under the state court judgment. *Id*., at 115.

On December 27, 2017, Appellants filed a voluntary petition for bankruptcy relief under the provisions of Chapter 13 of the Bankruptcy Code ("Bankruptcy Case"). *In Re: Juan Guallini Indij and Raquel Medina Rampolla,* **Bankruptcy Case No. 17-7489 (ESL)**. **ECF No. 12-1** at 13, *et seq*. Moreover, on February 4, 2019, Appellants filed a complaint against Appellee seeking, *inter alia*, avoidance or subordination of Appellee's claims pursuant to Federal Rules of Bankruptcy Procedure 7001(8) and 7001(9) ("Adversary Proceeding"). *Juan Guallini Indij and Raquel Medina Rampolla v. Banco Popular de Puerto Rico, et al*., **Adversary Proceeding No. 19-0012 (ESL)**. **ECF No. 12-1** at 108 *et seq*. In essence, Appellants charged Appellee with unlawful conduct during the loss

---

[1] Appellants contend that Appellee unlawfully backed down from the deal after having agreed to the short sale.

mitigation and foreclosure proceedings (*i.e.* not finalizing the short sale or loss mitigation) and collection of monies, which forced Appellants to file the petition for bankruptcy relief.[2] *Id.*

On May 9, 2019, Appellee moved to dismiss the Adversary Proceeding. **ECF No. 12-1** at 123. On October 24, 2019, the Bankruptcy Court denied the motion to dismiss. **ECF No. 12-1** at 131-136.

On April 29 and April 30, 2021, Appellants filed a Post Confirmation Plan in the Bankruptcy Case and amended the bankruptcy schedules to pay off the standing balance of the plan and obtain a discharge.[3] **ECF No. 12-2** at 509.

Under the impression that the payoff of the Chapter 13 plan had preclusive "jurisdictional effect… on the [B]ankruptcy [C]ase,"[4] on May 21, 2021, Appellants moved to withdraw of reference of the Adversary Proceeding to the District Court pursuant to 28 U.S.C. § 157, Fed. R. Bank. P. 5011. **ECF No. 137**.

On August 6, 2021, the Chapter 13 Trustee filed an informative motion in the Bankruptcy Case disclosing that Appellants had completed the payments under the approved Post Confirmation Plan and that, after having made all the disbursements thereunder, the Trustee had a surplus of $436.01, which the Trustee returned to Appellants. **ECF No. 12-2** at 515.

---

[2] Appellants claimed Appellee's violated Sections 2605(e)(1)(B)(2), 2605(e)(2)(C)(i), and 2605(f) of Title 12 of the United States Code, Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X ("Regulation X"), 12 C.F.R. §§ 1024.1-1024.41, and the Truth-in-Lending Act of 1968 ("TILA"), tortious interference under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. §514, and *culpa in contrahendo*.
[3] Appellants had inherited money.
[4] Appellants' Brief, **ECF No. 12 at 5**.

While the petition for withdrawal of the reference was pending, on August 25, 2021, Appellee moved for summary judgment in the Adversary Proceeding. **ECF No. 12-1** at 138. On August 30, 2021, before filing an opposition to the motion for summary judgment, Appellants obtained a Chapter 13 bankruptcy discharge pursuant to 11 U.S.C. § 1328(a), thus concluding the Bankruptcy Case. **ECF No. 12-2** at 509.

On January 4, 2022, the District Court denied the Appellants' request for withdrawal of the refence. **ECF No. 12-2** at 1-10. The District Court concluded that, regardless of whether the request was for a mandatory or permissive withdrawal of the reference, the petition was untimely, nonetheless. *Id.,* at 3-10. Specifically, the sister Court concluded, *inter alia,* the "grounds that they assert for… withdrawal were apparent… over two years before" filing their motion for withdrawal of the reference. *Id.,* at 3. Moreover, even if their request for avoidance or subordination "may have become moot upon the[] fulfill[ment] [of] the[] bankruptcy plan[,]" such relief "is only one type of relief that their adversary complaint requests." *Id.,* at 6.

On February 7, 2022, Appellants filed an opposition to Appellee's motion for summary judgment and a cross motion for summary judgment in the Adversary Proceeding. Replies and sur-replies followed. **ECF No. 12-2** at 11 *et seq.*

On July 22, 2022, the Bankruptcy Court concluded that Appellants' claims in the Adversary Proceeding fell in the "related to category" for purposes of Bankruptcy Court jurisdiction. **ECF No. 12-2** at 1281-1282. To reach that determination, the Bankruptcy Court reasoned that any potential money-judgment in the Adversary Proceeding "would not have an

impact on the bankruptcy estate, given that the same would not be available for distribution to creditors or an increased distribution to creditors." *Id*. As such, the Bankruptcy Court concluded that it lacked subject matter jurisdiction to enter judgment in the Adversary Proceeding. *Id*.

On August 5, 2022, Appellants filed a motion for reconsideration in the Adversary Proceeding. **ECF No. 12-2** at 518. However, on September 14, 2022, Appellants also filed a second request for withdrawal of the reference to the District Court as to the Adversary Proceeding. *Medina-Rampolla, et al, v. Banco Popular de Puerto Rico, et al*, **Civil Case No. 22- 1480(ADC), ECF No. 1**. Although Appellants concede "that the plan completion triggered an absence of jurisdiction," they logged their second motion to withdraw the reference to "preserve the [] causes of action tolled by the bankruptcy case." **ECF No. 12** at 12. A day after, on September 15, 2022, the Bankruptcy Court denied Appellants' motion for reconsideration. **ECF No. 12** at 577.

On September 29, 2022, Appellants filed the instant appeal. **Civil No. 22-1473 (ADC)**. On January 18, 2023, Appellants filed their brief. **ECF No. 12**. On March 6, 2023, Appellee's filed theirs. **ECF No. 21**. Appellants filed a reply brief at **ECF No. 24**.

On December 15, 2022, Appellants moved to have the District Court consolidate the appeal with the request for the withdrawal of the reference. **ECF No. 4**. On January 11, 2023, the cases were consolidated. **ECF No. 10**.

Although the Court recognizes and commends Appellants' diligent efforts to prosecute their case, for the reasons stated herein, the Court must deny both the withdrawal of the

reference and the appeal without prejudice to its reassertion as a new case, if Appellants so desire.

## II.   Discussion

### A.   The appeal

Although not properly briefed by Appellants, a threshold jurisdictional issue leaps over any substantive consideration of the appeal.[5] To wit, Appellants seek reversal of the Bankruptcy Court's Opinion and Order arguing three purported errors: (1) "whether the Bankruptcy Court erred by not complying with the mandate of the District Court to conclude the pre-trial proceedings[,]" (2) "whether the Bankruptcy Court made a reversible error by denying the summary judgment motions and not considering other uncontested and/or disputed material facts[,] (3) "Whether the Bankruptcy Court erred by supporting its Opinion and Order with documents not translated" to the English language. **ECF No. 12** at 6-7.

However, one thing is clear from the Bankruptcy Court's 39-page Opinion and Order, it is that the Bankruptcy Court declared itself without subject matter jurisdiction and declined the parties' invitation to enter summary judgment. **ECF No. 12-2** at 479-517. Indeed, it concluded that "it [did] not have subject matter jurisdiction. Thus, it [did] not address the merits of the legal claims." **ECF No. 12-2** at 1277. Therefore, all three assignments of error in the appeal are plainly

---

[5] The appeal was filed before this Court pursuant to 28 U.S.C. §§ 1334(a), 158(a). On September 29, 2022, Appellants filed a Notice of Appeal and a Statement of Election to the District Court pursuant to 28 U.S.C. § 158(c)(1)(B). *See* **ECF No. 1**.

irrelevant in light of the fact that Appellants did not raise any argument (properly designated as such or otherwise) standing for the proposition that the Bankruptcy Court erred in declaring itself without subject-matter jurisdiction.

Not only did Appellants failed to assign error to the sole legal conclusion (*i.e. sua sponte* dismissal of the case for want of subject-matter jurisdiction) in the Opinion and Order under review, but Appellants are pleased with that conclusion. *See* **ECF No. 12** at 10 (alluding to the "preclusive effect that the payoff of the Chapter 13 reorganization plan had on the bankruptcy case" and, *id*., at 13, ("[g]iven that [Appellants], [Appellee], and the Bankruptcy Court, **all agreed that the plan completion triggered an absence of jurisdiction**") (emphasis added)).

Finally, even if it wanted to, this Court could not *sua sponte* reverse Bankruptcy Court's determination and vacate the Opinion and Order.  For many years the Court of Appeals for the First Circuit has reiterated that courts "ha[ve] an obligation to inquire sua sponte into [their] subject matter jurisdiction." *In re Recticel Foam Corp*., 859 F.2d 1000, 1002 (1st Cir. 1988). However, that mandate has always been predicated on the notion that courts can "proceed no further if such jurisdiction is wanting." *Id*. After all, Fed. R. Civ. P. 12(h)(3) dictates that courts "must dismiss [an] action" if they "determine[] at any time that [they] lack[] subject-matter jurisdiction[.]". *See McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004). Notably, the rule does not

provide that a court must (or may) reinstate *motu proprio* an action even if improperly dismissed for lack of jurisdiction by a different court.[6]

Thus, this Court cannot reverse the Bankruptcy Court's Opinion and Order.

**B.     The withdrawal of the reference**

"In this district, all cases under Title 11 have been referred to the bankruptcy court for the District of Puerto Rico." *Wiscovitch-Rentas v. Glaxosmithkline Puerto Rico, Inc.*, 539 B.R. 1, 2 (D.P.R. 2015). "'The district court may withdraw' a reference to the bankruptcy court 'on its own motion or on timely motion of any party, for cause shown.'" *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015). Specifically, under 28 U.S.C. § 157(d):

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section (to the bankruptcy court) on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

As discussed before, Appellants' motion for withdrawal of the reference is not their first request for a District Court to withdraw the reference as to the Adversary Proceeding. On January 4, 2022, a sister District Court evaluated Appellants' withdrawal request and, after applying the law, denied it. Specifically, the sister District Court determined that Appellants

---

[6] Again, appellants do not contend that the Bankruptcy Court erred in declaring itself without subject-matter jurisdiction. Conversely, as discussed before, Appellants agree that dismissal was proper due to the Bankruptcy Court's lack of subject-matter jurisdiction.

failed to timely move for withdrawal of the reference. **ECF No. 12-2 at 10**. In that case, the District Court calculated that Appellants were approximately two years late to seek withdrawal of the reference. *See* **ECF No. 12-2** at 4 ("the grounds that they assert for mandatory withdrawal were apparent when they filed their adversary complaint in February 2019."). Moreover, even if the request fell under the permissive type, it was nonetheless untimely because the "fact that one form of relief that they requested may now be moot does not restart their withdrawal clock... it does not materially affect the nature of their claims." *Id*., at 7.

All of which brings the Court to a rhetorical question: if the withdrawal of the reference was two-years late in 2021, how is it no also untimely in 2023?

Furthermore, there is no discernible difference in the status of the Adversary Proceeding that would allow this Court to disregard the ruling of a sister District Court. To wit, when ruling upon the first withdrawal of the reference, the sister District Court factored in the potential completion of the plan and discharge. Regardless, it determined that the petition was untimely for the reasons cited in the preceding paragraphs. **ECF No. 12-2** at 7 (finding that mootness of the avoidance and subordination request for relief did not simply "restart their withdrawal clock."). The Court added a motion for mandatory withdrawal is untimely when "filed over half a year after § 157(d) became effective because, at that point, it was conspicuous on the face of pleading that it could be withdrawn." *See id*. (quoting *In re Giorgio*, 50 Bankr. 327, 329 (D.R.I. 1985) (internal quotation marks omitted)).

The same reasoning and conclusion apply here, Appellants request for withdrawal of the reference is untimely.

**III.     Conclusion**

For all the above, the Court must **DISMISS** the appeal **Civil No. 22-1473 (ADC) WITHOUT PREJUDICE** to Appellants' reassertion of their claims in a separate action and **DENIES** Appellants' request for withdrawal of the reference, **Civil No. 22-1480 (ADC)**. All pending motions are thus **MOOT**.  The Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 14th day of July, 2023.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**